# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| ALAN SHIELDS, | ) |
| Plaintiff, | ) ) ) Case No. 4:20-cv-00519 |
| v. | ) ) Removed from the Circuit Court of |
| RENT-A-CENTER EAST, INC., | ) Jackson County, Missouri ) Case No.: 2016-CV11742 |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Defendant Rent-A-Center East, Inc. ("Defendant" or "RAC") appears in this case for the purpose of removing to the United States District Court for the Western District of Missouri the action styled *Alan Shields v. Rent-A-Center East, Inc.*, Case No. 2016-CV11742, currently pending in the Circuit Court of Jackson County, Missouri. Defendant removes this case on grounds of diversity jurisdiction because (a) there is complete diversity of citizenship between Plaintiff Alan Shields ("Plaintiff") and Defendant and (b) the amount in controversy exceeds $75,000. In support of its Notice of Removal, Defendant states as follows:

### The State Court Action

1. On May 11, 2020, Plaintiff commenced the above-captioned action by filing his Petition in the Circuit Court of Jackson County, Missouri, styled *Alan Shields v. Rent-A-Center East, Inc.*, Case No. 2016-CV11742.

2. On May 28, 2020, Defendant accepted service and was served a summons and a copy of the Petition by Certified Mail.

3. This Notice of Removal is timely because it is filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

4. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 2.03, a copy of the case file, which includes a copy of all processes, pleadings and orders served on Defendant as required under 28 U.S.C. § 1446(a), is attached as **Exhibit A**.

## Jurisdiction and Venue

5. The United States Supreme Court has held under 28 U.S.C. §1446(a) a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Owens v. Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. 547, 551 (2014). This language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" and "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 553.

6. Because the Sixteenth Judicial Circuit Court of Jackson County, State of Missouri is within this district, this Court is the appropriate venue for removal. 28 U.S.C. § 1441(a) and 1446(a). Further, under Local Rule 3.1, the U.S. District Court for the Western District of Missouri, Western Division, is the appropriate court for removing an action from the Circuit Court of Jackson County, Missouri, where this action was filed.

7. This matter is subject to removal based upon diversity of citizenship, pursuant to 28 U.S.C. §1332.

## Diversity of Citizenship

8. This Court has jurisdiction over this matter on the basis of diversity jurisdiction. Pursuant to 28 U.S.C. § 1332, District Courts have original jurisdiction over all actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and in which there is complete diversity of citizenship among the parties.

9. For diversity purposes, "the terms 'domicile' and 'citizenship' are synonymous" and mean the State where an individual is physically present and intends to make his or her home indefinitely. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). "The place where a [person] lives is properly taken to be [the] domicile until facts adduced establish the contrary." *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). Plaintiff is a resident of the State of Missouri. *See* Exhibit A, Plaintiff's Petition, ¶ 5. Plaintiff also was a resident of the State of Missouri during his employment with RAC. *See* **Exhibit B,** Tuckey Decl. ¶ 3. Plaintiff indicated Missouri as his present and permanent residence according to personnel records for RAC. *Id.* Accordingly, Plaintiff is a citizen of the State of Missouri. *See, Yeldell*, 913 F.2d at 537; *see also*, *Murphy*, 314 U.S. at 445.

10. RAC is a corporation duly organized and incorporated under the laws of the State of Delaware, with principle places of business in Texas. *See* Exhibit B, Tuckey Decl. ¶ 4. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For the purposes of federal diversity jurisdiction, Defendant is a citizen of the States of Delaware and Texas, not Missouri.

11. Therefore, pursuant to 28 U.S.C. § 1332(a)(1), both parties are citizens of different states and complete diversity exists at the time of filing this Notice of Removal.

**Amount in Controversy**

12. Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) also requires the amount in controversy, exclusive of interest and costs, to be in excess of $75,000.

13. Where, as here, the plaintiff does not demand a specific amount in the initial pleadings, the removing party must prove by a preponderance of the evidence that the amount in

controversy exceeds $75,000. *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003).

14. Here the amount in controversy requirement is easily satisfied. Plaintiff is seeking damages in the form of "loss of income," "garden variety emotional distress," and "compensatory, nominal and/or punitive" damages. *See* Exhibit A, Petition.

15. Plaintiff's Petition does not state the amount in controversy in this action, but only pleads a jurisdiction amount in excess of $25,000.00 for circuit court jurisdiction. *See* Mo. Rev. Stat. § 517.011. Where removal is based on diversity of citizenship and the initial pleading does not demand a specific sum, "the notice of removal may assert the amount in controversy," and a removing defendant need only establish that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1446(a); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). "The question is not whether the damages will exceed the jurisdictional amount, but whether a fact finder might legally find that the damages could exceed that amount." *Pleasant v. Noble Fin. Corp.*, 2014 WL 5107029, at *3 (W.D. Mo. Oct. 10, 2014).

16. Lost wages are recoverable under the MHRA. Mo. Rev. Stat. § 213.111. At the time of his termination effective February 20, 2019, Plaintiff was earning $12.24 per hour. *See* Exhibit B, Tuckey Decl., ¶ 5. The earliest this case is likely to proceed to trial is September 2021. Plaintiff's alleged lost wages alone through trial would be approximately $64,627.20 ($12.24/hr. x 40 hrs. x 132 weeks).

17. In addition to compensatory damages, Plaintiff also seeks emotional distress

4

Case 4:20-cv-00519-FJG   Document 1   Filed 06/26/20   Page 4 of 7

damages, which are available under the MHRA and further augment the value of his claim and should be considered when determining the amount in controversy. *See Brouwer v. Wyndham Vacation Resorts, Inc.*, No. 2:14-CV-04112-NKL, 2014 WL 3828514, at *3 (W.D. Mo. Aug. 4, 2014) *citing Kopp v. Kopp,* 280 F.3d 883, 885-85 (8th Cir. 2002).

18.     Furthermore, Plaintiff seeks punitive damages, which are available under the MHRA and also may be considered in determining the amount in controversy. Satisfying the amount in controversy requirement is even more likely when taking into account punitive damages. *Pleasant v. Noble Finance Corp.,* 54 F. Supp. 3d 1071, 1080 (W.D. Mo. 2014); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760 (8th Cir. 2001) ("Punitive damages, of course, may be used to establish diversity jurisdiction").

19.     Finally, if Plaintiff prevails on his claims, he will likely be awarded reasonable attorneys' fees and costs as provided for by the MHRA. Statutory attorneys' fees count toward the jurisdictional minimum for diversity jurisdiction. *Brouwer v. Wyndham Vacation Resorts, Inc.*, No. 2:14-CV-04112-NKL, 2014 U.S. Dist. LEXIS 106160, at *8 (W.D. Mo. Aug. 4, 2014) (*citing Crawford v. F. Hoffman La Roche*, 267 F.3d 760, 766 (8th Cir. 2001)). Missouri courts routinely award attorneys' fees significantly in excess of $75,000 – on their own. *See, e.g.*, *Trickey v. Kaman Inds. Tech. Corp.*, 705 F.3d 788, 798 (affirming the district court's attorneys' fees award of $201,375.50); *see also Hill v. City of St. Louis*, 371 S.W.3d 66, 70 (Mo. Ct. App. 2012) (awarding attorneys' fees in the amount of $326,000).

20.     Based on the foregoing, the amount in controversy requirement for diversity jurisdiction is satisfied.

## Compliance with Procedural Requirements

21. A Civil Cover Sheet for Defendant is filed with this Notice.

22. Pursuant to 28 U.S.C. § 1446(d), Defendant is filing today a Notice to the Circuit Clerk with the Clerk of the Sixteenth Judicial Circuit Court of Missouri.

23. Pursuant to 28 U.S.C. § 1446(d), Defendant is mailing today a Notice to Plaintiff, stating that a Notice of Removal to the United States District Court for the Western District of Missouri was filed, and serving a copy of this Notice of Removal upon Plaintiff.

WHEREFORE, Defendant, by and through counsel, respectfully requests this Court to continue assuming control over this action, as the action is properly removed.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Justin M. Dean
    Justin M. Dean   MO #48647
    4520 Main Street, Suite 400
    Kansas City, MO 64111
    816.471.1301
    816.471.1303 (*Facsimile*)
    justin.dean@ogletree.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 26th day of June, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and a copy of same was mailed to the following:

Nicholas J. Dudley    MO #62860
Emmalee A. Wilson   MO #72195
HOLLINGSHEAD & DUDLEY
1114 W. Main St.
Blue Springs, MO 64015
816.224.9500
816.224.9503 (Facsimile)
ndudley@hdtriallawyers.com
ewilson@hdtriallawyers.com

**ATTORNEYS FOR PLAINTIFF**

/s/ Justin M. Dean
**ATTORNEY FOR DEFENDANT**

43077232.1