# EXHIBIT A

Electronically Filed - Jackson - Independence - May 11, 2020 - 10:48 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY
STATE OF MISSOURI
AT INDEPENDENCE**

| | | |
|---|---|---|
| **ALAN SHIELDS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause: |
| v. | ) | |
| | ) | Division: |
| **RENT-A-CENTER EAST, INC.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Serve Registered Agent: | ) | |
| C T CORPORATION SYSTEM | ) | |
| 120 S. CENTRAL AVE | ) | |
| SUITE 400 | ) | |
| CLAYTON, MO 63105 | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION

COMES NOW the Plaintiff, Alan Shields ("Plaintiff"), by and through his attorneys, and alleges the following against Rent-A-Center East, Inc. (sometimes hereinafter "Defendant RAC"):

1.    This case is brought by Plaintiff against Defendant for Hostile Work Environment, Retaliation, and Sex Discrimination. Plaintiff seeks monetary damages to redress the deprivation of Rights accorded to Plaintiff under, RSMo. § 213.010 *et seq*.

**JURISDICTION AND VENUE**

2.    Both jurisdiction and venue are proper in this Court, because, the unlawful employment practices were committed within this judicial circuit.  Jurisdiction and venue are proper in Jackson County, Missouri pursuant to RSMo. § 508. 010 and § 213.111.1.

3.    At all times mentioned herein, all of Defendant RAC's employees were acting within the scope of their employment with Defendant in furtherance of its business

### PARTIES

4.    The allegations contained within all aforementioned paragraphs are hereby re-alleged and incorporated as if fully set forth herein.

5.    Plaintiff is a male, and permanent resident of Jackson County State of Missouri.

6.    At all times relevant herein, Plaintiff was employed by Defendant RAC.

7.    Defendant RAC is a for-profit foreign corporation, organized under the laws of the state of Delaware.

8.    At all relevant times Defendant RAC was in good standing with the state of Missouri and licensed to do business.

9.    At all times relevant herein,  Defendant RAC was an "employer" as defined by the Missouri Human Rights Act, RSMo. § 213.010 *et seq*. (hereinafter sometimes referred to as the "MHRA").

10.     Defendant had six (6) or more employees on all relevant dates contained herein.

11.    At all times mentioned herein, all of Defendant RAC's employees were acting within the scope of their employment with Defendants in furtherance of their business.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12.    The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

13.    On or about August 14, 2019, Plaintiff timely filed – with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission – a Charge of Discrimination against Defendant on the basis of sex and retaliation. A copy of said charge of discrimination is attached hereto, marked as "Plaintiff's Exhibit 1," and is hereby incorporated as if fully set forth herein.

14.    Plaintiff received one Notice of Right to Sue letter from the Missouri Commission on Human Rights ("MCHR") on or about February 14, 2020. A copy of Plaintiff's Notice of Right to Sue from the MCHR is attached hereto, marked as "Plaintiff's Exhibit 2," and is hereby incorporated as if fully set forth herein.

15.    The aforesaid charges of discrimination provided the MCHR and the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be, and is, as broad as the scope of an MCHR or EEOC investigation that could reasonably be expected to have grown out of the charges of discrimination.

Electronically Filed - Jackson - Independence - May 11, 2020 - 10:48 PM

16. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action, and this Petition was filed within the applicable statute of limitations.

17. Plaintiff also made complaints of inappropriate conduct to Defendant RAC's Human Resources Department, and to his own supervisor.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

18. The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

19. Plaintiff Alan Shields (hereinafter "Shields") began working for Defendant RAC in or around 2016 as a customer service representative.

20. Shields' duties included performing collections services and delivering rented appliances to customers.

21. While working for Defendant RAC, Shields was ranked first in his district for collections.

22. Shields was placed at store number 1717 (referred to herein after as #1717) which is located at 1528 E 23rd St. South, Independence, Missouri 64055 in October of 2018.

23. At #1717, Shields worked with Sales Manager Sandra "V" (last name unknown).

24. Shields is under information and belief that, one day between October of 2018 and January of 2019 while Plaintiff was working at #1717, Sandra watched pornographic films while on duty.

4

25.     These films were loud enough for Plaintiff Shields to hear.

26.     Upon information and belief, Sandra then went into the bathroom and masturbated herself.

27.     Sandra then exited the restroom without washing her hands and approached Plaintiff.

28.     Sandra then placed her fingers under Plaintiff's nose and said to him, "This is what a real woman smells like."

29.     Shields objected to Sandra placing her unwashed fingers under his nose.

30.     Shields asked Sandra to stop.

31.     This was by no means the only instance that Sandra watched pornographic material on duty.

32.     Sandra would regularly have customer phone calls start or stop with the sounds of pornography in the background.

33.     Sandra would also physically touch Shields during work by hitting his genital or gluteal area with cardboard mailing tubes.

34.     Shields objected to the touching and asked Sandra to stop on multiple occasions.

35.     Sandra would also make sexually suggestive comments such as discussing Plaintiff's penis size and stating that it must be small because "white guys don't have that big of a stick."

36.     These comments were made on a near daily basis.

37.     Shields felt horrified and humiliated by these comments and actions.

5

38.   Shields' personal relationship with his girlfriend was also intensely strained as a result of his work environment.

39.   Sandra also targeted other men on her shifts such as the Store Manager and Plaintiff's direct supervisor, Ethan (last name unknown).

40.   Ethan did nothing to reprimand or stop Sandra's behavior.

41.   Throughout Sandra's harassing and derogatory behavior, Shields objected, asked Sandra to stop, and reported the behavior to Ethan.

42.   Shields complained to his chain-of-command about Sandra's behavior, and in several instances, managers witnessed Sandra's behavior.

43.   Sandra had managerial responsibility at the store 1717.

44.   Finally, Shields complained to Defendant RAC's Human Resources Department ("HR").

45.   However, Plaintiff Shields is under information and belief that no investigation took place.

46.   Plaintiff is under information and belief that Sandra was not written up or reprimanded for her behavior.

47.   Sandra's behavior continued throughout the remainder of Plaintiff's employment with Defendants.

48.   On February 16, 2019, Plaintiff was asked to perform a repossession job in white-out blizzard conditions.

49.   Plaintiff informed Ethan that he would go to the repossession site that afternoon after the storm had passed.

6

50.     When Shields arrived at work, Ethan issued Shields a written reprimand for refusing to work in dangerous weather conditions.

51.     Shields demanded to know why he was being reprimanded but his sexual harasser was not.

52.     Shields left the store feeling demoralized and humiliated.

53.     On February 18, 2019, Plaintiff was told by Defendant RAC that his February 20, 2019 shift would take place at another store location.

54.     Shields worked at the new location on February 20, 2019.

55.     On February 21, 2019, Plaintiff was told by District Manager Curtis (last name unknown) that he was not to return to work until he received the "HR green light."

56.     Plaintiff Shields to this day has never been contacted by Defendant RAC to instruct him to return to work.

57.     Shields has received no pay nor been placed on any type of formal leave.

58.     This situation constitutes a constructive discharge because no reasonable person would believe that he could return to work under these circumstances.

59.     Additionally, a reasonable person would find the conditions to be intolerable.

## COUNT I – HOSTILE WORK ENVIRONMENT - SEX
### *Violation under RSMo. § 213.010 et seq.*

60.     The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

61.     Plaintiff, by virtue of his gender as a male, is a member of a class of persons protected by RSMo. § 213.010 *et seq.*

62.     During the course of Plaintiff's employment, Defendant's representatives, including, but not limited to Curtis, Sandra, and Ethan, while acting within the scope and course of employment, engaged in a pattern and practice of intentional discrimination against Plaintiff based on his male gender.

63.     Defendants are vicariously liable for the discriminatory actions of Curtis, Sandra, and Ethan.

64.     At all times, the gender –offensive, –harassing, and –discriminatory conduct was severe and unwelcome.

65.     Defendant's harassment had the purpose and effect of unreasonably interfering with Plaintiff's work performance and other conditions, terms, and privileges of employment, thereby creating an intimidating, hostile and offensive working environment.

66.     Defendant's discriminatory conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and abusive.

67.     At the time the discriminatory conduct occurred, and as a result of this conduct, Plaintiff believed his work environment to be hostile and abusive.

68.     Management level employees of Defendant, including Sandra, Ethan, and Curtis knew, or should have known, of the gender-based harassment and discrimination described herein, but failed to take appropriate remedial action.

69.    As such, Defendant knew or should have known of the gender-offensive, - harassing, and- discriminatory conduct, as Plaintiff reported it to his supervisor and to Defendant's Human Resources Department.

70.    By failing to conduct a prompt, thorough and honest investigation of Plaintiff's allegations and of other witnesses, Defendant exacerbated the hostile environment and gender-based discrimination in Plaintiff's workplace.

71.    As a result of the gender-based harassment and discrimination described herein, Plaintiff was subjected to a hostile work environment, and terminated from his employment.

72.    Plaintiff's termination was a tangible employment action.

73.    Plaintiff's male sex was the motivating factor in the disparate treatment he suffered and continues to suffer.

74.    By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized the harassment and discrimination against Plaintiff.

75.    Defendant, through its agents and employees, engaged in these discriminatory practices with malice and/or reckless indifference to Plaintiff's federally protected rights. As direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – based on gender, in violation of RSMo. § 213.055 – at the hands of Defendants during the course of Plaintiff's employment.

76.     As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been – and continues to be – deprived of income, as well as other monetary and non-monetary benefits.

77.     As a direct and proximate result of the actions and conduct set forth herein, Plaintiff has suffered, and will continue to suffer, damages, including garden variety emotional distress, and inconvenience.

78.     As shown by the foregoing, Defendant RAC's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or to deter them and others from like conduct in the future.

79.     Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided in RSMo. § 213.111.2.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT II – RETALIATION
### Violation under 42 U.S.C. §2000(e) *et seq.*

80.     The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

81.     As alleged herein, Plaintiff was discriminated against for engaging in protected activities including, but not limited to, Plaintiff's complaints to his supervisor and HR concerning the gender-based discrimination and harassment he was subjected to during his employment with Defendant.

82.     By reason of Plaintiff's complaints, Defendant retaliated against Plaintiff.

83.     As a result of engaging in said protected activities, Plaintiff has suffered – and continues to suffer – adverse employment actions as alleged in this Petition.

84.     Plaintiff's reporting of gender-based harassment and discrimination was the motivating factor in suffering adverse employment actions.

85.     As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – based on retaliation, in violation of RSMo. § 213.010, et seq. – at the hands of Defendant during the course of his employment.

86.     As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been – and continues to be – deprived of income, as well as other monetary and non-monetary benefits.

87.     By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized the harassment and discrimination against Plaintiff.

88.     As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in

an amount sufficient to punish Defendant and/or to deter it and others from like conduct in the future.

89.    Defendant's retaliatory actions against Plaintiff have caused him to suffer garden variety emotional distress, inconvenience, and loss of enjoyment of life.

90.    Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided in RSMo. § 213.111.2.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT III – SEX DISCRIMINATION
### *Violation under RSMo. § 213.010 et seq.*

91.    The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

92.    Plaintiff is a member of a protected class because of his gender.

93.    Plaintiff was constructively discharged or terminated from Defendant RAC.

94.    Plaintiff's sex was a motivating factor in such constructive discharge/termination.

95.    Plaintiff suffered damages as a direct result, including but not limited to, loss of income, garden variety emotional distress, and inconvenience.

96.     As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or to deter it and others of like conduct in the future.

97.     Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided in RSMo. § 213.111.2.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

Respectfully submitted,

HOLLINGSHEAD & DUDLEY

/s/ Nicholas J. Dudley
Nicholas J. Dudley #62860
EmmaLee A. Wilson #72195
1114 West Main Street,
Blue Springs, Missouri 64015
Telephone:    (816) 224-9500
Facsimile:    (816) 224-9503
Email:        ndudley@hdtriallawyers.com
              ewilson@hdtriallawyers.com

ATTORNEYS FOR PLAINTIFF

Electronically Filed - Jackson - Independence - May 11, 2020 - 10:48 PM

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | _X_ FEPA<br>_X_ EEOC | |

Missouri Commission on Human Rights _____ and EEOC

*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Alan Shields | (816) 224-9500 | 02/18/1974 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1114 West Main Street | Blue Springs, MO 64015 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Rent A Center Franchising International Inc. | 15+ | (816) 254-1234 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1528 E 23rd Street S | Independence, MO 64055 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Rent A Center East Inc. | Supervisor | |

| Street Address | City, State and ZIP Code |
|---|---|
| 1528 E 23rd Street S | Independence, MO 64055 |

| DISCRIMINATION BASED ON (*Check appropriate box(es).*) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| __ RACE   __ COLOR   _X_ SEX __ RELIGION __ NATIONAL ORIGIN<br><br>_X_ RETALIATION ___ AGE ___DISABILITY __ OTHER (Specify below.) | Earliest          Latest<br>02/21/2019        Present<br><br>_X_ CONTINUING ACTION |

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*)

Please see attached "Particulars."

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| | *Kathryn M. Allman* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLANANT<br>*Alan W Shields Jr* |
| 8-14-2019   *Alan W Shields Jr*<br>*Date*      *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)   *August 8, 2019*<br><br>MISTY M ALLMAN<br>Notary Public - Notary Seal<br>State of Missouri, Jackson County<br>My Commission Expires Oct 27, 2019 |

## Particulars

The following constitutes a summary of several significant events during my employment with Rent-A-Center Inc. ("RAC") that form my basis for believing I was discriminated against, in violation of the Title VII of the Civil Rights Act of 1964 and the Missouri Human Rights Act ("MHRA"). However, it is by no means exhaustive. I am a Caucasian, male over the age of 40, and am therefore a member of a class of persons protected under these laws.

I began working as a customer service representative in approximately 2016. I performed collections services and deliveries during my tenure with RAC. While working for RAC I was #1 in the district for collections and was able to move 6% of the Raytown location's collections in one day. While working at RAC I was placed at several locations, the worst being store 1717 at 1528 E 23rd St S Independence, Missouri 64055 beginning in October of 2018.

Upon being transferred to store 1717, problems immediately began to develop around Sandra V a sales manager on location. Sandra would watch pornographic films while on duty loud enough that everyone could hear them. They would at times interrupt her sales calls and messages she would leave with customers. Sandra would go into the bathroom and touch herself. She would then exit the bathroom and approach me. She would then place her fingers under my nose and say, "this is what a real woman smells like." I was disgusted.

Sandra would also touch me. She would poke my butt and genitals with cardboard mailing tubes. She would sometimes make comments when doing this such as "white guys don't have that big of a stick." These actions took place on a nearly daily basis and occurred not only to me but to other men on the shift, including my supervisor Ethan, the store manager, who did nothing to stop the behavior.

Throughout Sandra's harassment, I asked her to stop repeatedly and told her the behavior was not welcomed. I was horrified and felt humiliated whenever she would touch me or make me smell her bodily fluids on her fingers. Sandra's harassment put a strain on my personal relationships, I felt I could not share my distress with my girlfriend out of fear she would not understand what I was going through. I then reported Sandra to Ethan and to corporate HR. There was no investigation, Sandra was never written up, and her harassing sexually explicit behavior continued.

On February 16, 2019 I was asked to perform a repossession job in black out blizzard conditions. I told Ethan that I would perform the job in the afternoon after the blizzard had passed. When I got to the store that morning Ethan wrote me up. I was furious and asked Ethan why he would write me up for not performing a job under dangerous conditions but wouldn't write up my harasser under any circumstances. I left the store that day humiliated and finally at my limit.

Electronically Filed - Jackson - Independence - May 11, 2020 - 10:48 PM

On February 18, 2019 I was contacted by a manager at Rent-a-Center who told me to go to a different location on February 20, 2019. I went to that store and performed my work duties as normal for the entire shift. One day later, on February 21, 2019, I was told by the district manager, Curtis, not to come into work at all until notified otherwise that I had received the "HR Green light." I have not been paid for these days off and have since been in a gray area, unsure if I should apply for a new job or if RAC will want me to come back to work. I have subsequently never been contacted by RAC HR. Nothing has been done about Sandra and I was apparently terminated due to my reporting her harassing behavior.

RAC terminated my employment due to my engaging in the protected activity of reporting sexual harassment in the workplace to both my supervisors and RAC's HR. Moreover, RAC adversely impacted the terms of my employment by moving my work location rather than reprimanding Sandra for being sexually explicit in the workplace. RAC created a hostile work environment by allowing, and there by endorsing, the sexually explicit behavior of their employee Sandra. These sexually explicit actions created an environment no reasonable person would feel comfortable working in. In conclusion, I believe RAC created a sexually harassing work environment and actually or constructively terminated my employment in retaliation of my reports of sexual harassment, in violation of Title VII and the MHRA.

Electronically Filed - Jackson - Independence - May 11, 2020 - 10:48 PM

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| | | | |
|---|---|---|---|
| **MICHAEL L. PARSON** <br> GOVERNOR | **ANNA S. HUI** <br> DEPARTMENT DIRECTOR | **MARTHA STAGGS** <br> COMMISSION CHAIR | **ALISA WARREN, PH.D.** <br> EXECUTIVE DIRECTOR |

FE-8/19-30889
Administrative UseRecords

February 11, 2020

Alan Shields
c/o Nicholas Dudley
1114 West Main Street
Blue Springs, MO  64015
*via email*

RE:   Shields vs. Rent A Center Franchising Int'l., Inc.
      FE-8/19-30889    563-2019-02810

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

(continued on next page)

☐     ☐     ☒     ☐

| | | | |
|---|---|---|---|
| 3315 WEST TRUMAN BLVD., SUITE 212 <br> P.O. BOX 1129 <br> JEFFERSON CITY, MO 65102-1129 <br> PHONE: 573-751-3325 <br> FAX: 573-751-2905 | 111 N. 7TH STREET, SUITE 903 <br> ST. LOUIS, MO 63101-2100 <br> PHONE: 314-340-7590 <br> FAX: 314-340-7238 | 1410 GENESSEE, SUITE 260 <br> KANSAS CITY, MO 64102-1047 <br> FAX: 816-889-3582 | 106 ARTHUR STREET, SUITE D <br> SIKESTON, MO 63801-5454 <br> FAX: 573-472-5321 |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court.

Respectfully,

Alisa Warren, Ph.D.
Executive Director


Rent A Center Franchising Int'l., Inc.
1528 E. 23rd Street S
Independence, MO  64055


Jan Marquez
Director of Litigation Case Mgmt
Rent A Center, Inc.
5501 Headquarters Drive, Legal Dept.
Plano, TX  75024

3315 West Truman Blvd., Suite 212
P.O. Box 1129
Jefferson City, MO 65102-1129
Phone: 573-751-3325
Fax: 573-751-2905

111 N. 7th Street, Suite 903
St. Louis, MO 63101-2100
Phone: 314-340-7590
Fax: 314-340-7238

1410 Genessee, Suite 260
Kansas City, MO 64102-1047
Fax: 816-889-3582

106 Arthur Street, Suite D
Sikeston, MO 63801-5454
Fax: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

Electronically Filed - Jackson - Independence - May 11, 2020 - 10:48 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

**ALAN SHIELDS,**

<table>
<tr><td>**PLAINTIFF(S),**</td><td>**CASE NO.  2016-CV11742**</td></tr>
<tr><td>**VS.**</td><td>**DIVISION 16**</td></tr>
</table>

**RENT-A-CENTER EAST, INC,**

**DEFENDANT(S).**

**NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE**
**AND ORDER FOR MEDIATION**

_____

    NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **MARCO A ROLDAN** on **02-SEP-2020** in **DIVISION 16** at **08:30 AM**.   All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting.  Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file.  All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

    A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2.  The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS.  Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

    At the Case Management Conference, counsel should be prepared to address at least the following:

    a.      A trial setting;

    b.      Expert Witness Disclosure Cutoff Date;

    c.      A schedule for the orderly preparation of the case for trial;

    d.      Any issues which require input or action by the Court;

    e.      The status of settlement negotiations.

Case 4:20-cv-00519-FJG   Document 1-2   Filed 06/26/20   Page 20 of 30

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ MARCO A ROLDAN
MARCO A ROLDAN**, Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
EMMALEE ANN WILSON, 8925 GOODMAN ST, OVERLAND PARK, KS 66212

NICHOLAS DUDLEY, 1114 W MAIN ST., BLUE SPRINGS, MO 64015

Defendant(s):
RENT-A-CENTER EAST, INC

Dated: 12-MAY-2020

MARY A. MARQUEZ
Court Administrator

**IN THE CIRCUIT COURT OF JACKSON COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **ALAN SHIELDS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 2016- CV11742 |
| v. | ) | |
| | ) | Division No. 16 |
| **RENT-A-CENTER EAST, INC.** | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## ORDER FOR APPOINTMENT OF SPECIAL PROCESS SERVER

IT IS HEREBY ORDERED that Plaintiff's Motion to Appoint Susan Lett (PPS20-0253) as Special Process Server in the above matter is **GRANTED.**

SO ORDERED, this _____ day of _____, 2020.

_____          _____

                                             Marco Roland Circuit Judge

**IN THE CIRCUIT COURT OF JACKSON COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| **ALAN SHIELDS,** ) | |
| ) | |
| Plaintiff, ) | Case No.: 2016- CV11742 |
| ) | |
| v. ) | Division No. 16 |
| ) | |
| **RENT-A-CENTER EAST, INC.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

**MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER**

COMES NOW Plaintiff, by and through counsel, and pursuant to the Missouri Rules of Civil Procedure, hereby requests that the Court appoint Susan Lett (PPS20-0253) as special process server in this cause of action to serve Defendant Rent-A-Center East, Inc. Ms. Lett's address is 1209 Sycamore Street, Pleasant Hill, MO 64080 and her phone number is (816) 266-8907.

Respectfully submitted,

HOLLINGSHEAD & DUDLEY

By: /s/EmmaLee A. Wilson
EmmaLee A. Wilson #72195
1114 W. Main Street
Blue Springs, MO 64015
Phone: (816) 224-9500
Facsimile: (816) 224-9503
Email: ewilson@hdtriallawyers.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed using the Missouri Electronic Filing System, this the 12th day of May 2020.

Electronically Filed - Jackson - Independence - May 12, 2020 - 04:15 PM

/s/EmmaLee A. Wilson



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | **Case Number: 2016-CV11742** |
| Plaintiff/Petitioner:<br>ALAN SHIELDS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>NICHOLAS DUDLEY<br>1114 W MAIN ST.<br>BLUE SPRINGS, MO 64015 |
| Defendant/Respondent:<br>RENT-A-CENTER EAST, INC | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | INDEPENDENCE, MO 64050<br><br>(Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** RENT-A-CENTER EAST, INC
**Alias:**

RA: CT CORPORATION SYSTEM
120 S CENTRAL AVE STE 400
CLAYTON, MO 63105

# PRIVATE PROCESS SERVER



*COURT SEAL OF*

*JACKSON COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

13-MAY-2020
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-3003** 2 of 4 (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00519-FJG  Document 1-2  Filed 06/26/20  Page 25 of 30

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Revised 7/3/13                    Service Information - Attorney

**IN THE CIRCUIT COURT OF JACKSON COUNTY**
**STATE OF MISSOURI**

**ALAN SHIELDS,**                    )
                                     )
                    Plaintiff,       )
                                     )        Case No.: 2016- CV11742
        v.                           )
                                     )        Division No. 16
**RENT-A-CENTER EAST, INC.**         )
                                     )
                                     )        **JURY TRIAL DEMANDED**
                                     )
                    Defendant.       )

## ORDER FOR APPOINTMENT OF SPECIAL PROCESS SERVER

IT IS HEREBY ORDERED that Plaintiff's Motion to Appoint Susan Lett (PPS20-0253) as Special Process Server in the above matter is **GRANTED.**

SO ORDERED, this _____ day of  13-May-2020  , 2020.

_____          _____
            13-May-2020

                                          DEPUTY COURT ADMINISTRATOR

Electronically Filed - Jackson - Independence - June 11, 2020 - 02:20 PM

FORM NO. 4-B.

(CIRCUIT DIVISION CASES)

NOTICE AND ACKNOWLEDGMENT FOR SERVICE BY MAIL

CIRCUIT COURT FOR JACKSON COUNTY

DIVISION 16

**IN THE CIRCUIT COURT OF JACKSON COUNTY
STATE OF MISSOURI**

| | | |
|---|---|---|
| **ALAN SHIELDS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 2016- CV11742 |
| v. | ) | |
| | ) | Division No. 16 |
| **RENT-A-CENTER EAST, INC.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## NOTICE

TO: Rent-A-Center East, Inc.

The enclosed summons and petition are served pursuant to Missouri Supreme Court Rule 54.16.

You may sign and date the acknowledgment part of this form and return one copy of the completed form to the sender within thirty days of May 28, 2020.

If you are served on behalf of a corporation, unincorporated association, including a partnership, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within thirty days, you or the party on whose behalf you are being served may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.

If you do complete and return this form, you or the party on whose behalf you are being served must answer the petition within thirty days of the date you sign the acknowledgment below. If you fail to do so, judgment by default may be taken against you for the relief demanded in the petition.

I DECLARE, UNDER PENALTY OF PERJURY, THAT THIS NOTICE WAS MAILED ON MAY 28, 2020.

_____

Signature

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND PETITION

I declare, under penalty of filing a false affidavit, that I received a copy of the Summons and of the Petition in the above captioned matter.

_____

Signature

_____

Relationship to Entity/Authority to Receive Service of Process

_____

Date Signed